UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SERVICE DRYWALL COMPANY, INC.                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:06CV-372-S

COMMONWEALTH WALLS, INC.
WILLIAM CLAY LOCKE, JR.
ANTHONY G. STEIER                                                      DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law.  You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court.  You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.  It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate.  You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The statements, objections, and arguments made by the lawyers are not evidence.  What the lawyers have said to you is not binding upon you.

The rules of evidence permit a witness who by education and experience has become knowledgeable in any profession to state an opinion as to a matter in which he is versed and which is material to the case, and he may also state the reasons for such an opinion.  You should consider such opinion and give it such weight as you, in the application of your common sense, may think it deserves.  If you should conclude that the reasons given by such a witness in support of his opinion are not sound, or that his opinion is outweighed by other credible evidence in the case, or by the opinion of some other witness, then you may reject the opinion in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

There are several claims asserted against each of the defendants in this case.  You should consider each instruction separately and independently, and a finding for the plaintiff or for a

defendant under one instruction does not require a particular finding under any other instruction. I will refer to the parties as Service Drywall, Locke, Steier, and Commonwealth Walls in these instructions rather than continually repeating their names in full.

There are claims against Locke in his individual capacity which are also asserted against Commonwealth Walls. A finding against Locke in his individual capacity does not require a finding against Commonwealth Walls. You may find against Commonwealth Walls only on the basis of an action or actions taken by Locke or by some other authorized person acting on behalf of Commonwealth Walls in the scope of his or her duties and responsibilities for Commonwealth Walls.

## A.

## BREACH OF FIDUCIARY DUTY - LOCKE

Service Drywall claims that Locke breached a fiduciary duty he owed to Service Drywall.

A fiduciary relationship is founded on the trust or confidence that one person or entity places in the integrity and fidelity of another.  The person in whom trust or confidence is placed is said to have a "fiduciary duty."  This duty requires that he act primarily for the benefit of the other party in matters within the scope of their relationship.

An employee may have such a fiduciary duty to his employer if he has been placed in a position of trust.  Where it exists, this duty of loyalty and faithfulness includes the following specific duties while the employee is employed:  (a) the duty not to act against his employer's interests; (b) the duty not to establish a competing enterprise until after the employment relationship is terminated; and (c) the duty to disclose to the employer any information which could damage the employer's company.

Do you believe from the evidence that Locke breached a fiduciary duty owed to Service Drywall as defined in this instruction?

You will indicate your answer to this question on Verdict Form A.  If you have found that Locke breached a fiduciary duty to Service Drywall by answering "Yes" on Verdict Form A, you will proceed to Instruction B.  If you answered "No" on Verdict Form A, you will skip the next instruction and proceed to Instruction C.

## B.

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY - STEIER

Having found Locke liable for breach of fiduciary duty, you will proceed to consider whether Steier is liable for aiding and abetting that breach.  You may find Steier liable for aiding and abetting a breach of fiduciary duty only if you believe from the evidence that Steier knew of the breach and knowingly joined or gave substantial assistance in the actions constituting the breach.

Do you believe from the evidence that Steier aided and abetted Locke in breaching a fiduciary duty to Service Drywall?

You will indicate your answer to this question on Verdict Form B, then proceed to the next instruction.

## C.

## INTERFERENCE WITH CONTRACT - LOCKE

Service Drywall claims that Locke interfered with contracts between it and some of its customers.

You may find Locke liable on this claim only if you believe from the evidence that:

1.      Service Drywall had one or more contracts between it and its customers;

2.      Locke knew of the contracts;

3.      Locke acted maliciously or without justification, or by unlawful means such as fraud, deceit or coercion;

4.      Locke's actions caused Service Drywall's customers to breach their contracts with Service Drywall; and

5.      Service Drywall suffered damages as a result.

Do you believe from the evidence that Locke interfered with one or more of Service Drywall's customer contracts as defined above?

You will indicate your answer to this question on Verdict Form C, then proceed to the next instruction.

**D.**

**INTERFERENCE WITH CONTRACT - STEIER**

Service Drywall claims that Steier interfered with contracts between it and some of its customers.

You may find Steier liable on this claim only if you believe from the evidence that:

1.      Service Drywall had one or more contracts between it and its customers;

2.      Steier knew of the contracts;

3.      Steier acted maliciously or without justification, or by unlawful means such as fraud, deceit or coercion;

4.      Steier's actions caused Service Drywall's customers to breach their contracts with Service Drywall; and

5.      Service Drywall suffered damages as a result.

      Do you believe from the evidence that Steier interfered with one or more of Service Drywall's customer contracts as defined above?

You will indicate your answer to this question on Verdict Form D, then proceed to the next instruction.

## E.

## INTERFERENCE WITH CONTRACT - COMMONWEALTH WALLS

Service Drywall claims that Commonwealth Walls interfered with contracts between it and some of its customers.

You may find Commonwealth Walls liable only if you believe from the evidence that:

1.      Service Drywall had one or more contracts between it and its customers;

2.      Commonwealth Walls, through Locke, knew of the contracts;

3.      Commonwealth Walls acted maliciously or without justification, or by unlawful means such as fraud, deceit or coercion;

4.      Commonwealth Walls' actions caused Service Drywall's customers to breach their contracts with Service Drywall; and

5.      Service Drywall suffered damages as a result.

        Do you believe that Commonwealth Walls interfered with one or more of Service Drywall's customer contracts as defined above?

You will indicate your answer to this question on Verdict Form E, then proceed to the next instruction.

## F.

## INTERFERENCE WITH PROSPECTIVE RELATIONSHIP - LOCKE

Service Drywall claims that Locke interfered with its prospective business relationships by: (a) causing other persons or businesses with drywall work not to enter into or continue a business relationship with Service Drywall; or (b) preventing Service Drywall from acquiring or continuing a business relationship with other persons or businesses with drywall work.

You may find Locke liable on this claim only if you believe from the evidence that:

1.  Service Drywall had business relationships and/or the reasonable expectancy of business relationships with persons or businesses with drywall work;

2.  Locke knew or should have known of these relationships or expectancies;

3.  Locke acted intentionally to either end the relationships or prevent the expectancies;

4.  Locke's interference caused Service Drywall to lose its relationships or expectancies;

5.  Locke acted maliciously or engaged in wrongful conduct, considering the following factors:

    (a)  The nature of his conduct;

    (b)  His motive;

    (c)  The interests of Service Drywall;

    (d)  The interests Locke sought to advance;

    (e)  The social interests in protecting the freedom of Locke's action and the contractual expectancies of Service Drywall;

    (f)  The proximity or remoteness of the actor's conduct to the interference; and

    (g)  The relations between the parties; and

6.      Locke's interference caused damages to Service Drywall.

Do you believe from the evidence that Locke interfered with one or more prospective business relationships between Service Drywall and another person or entity as defined above?

You will indicate your answer to this question on Verdict Form F, then proceed to the next instruction.

## G.

## INTERFERENCE WITH PROSPECTIVE RELATIONSHIP - STEIER

Service Drywall claims that Steier interfered with its prospective business relationships by: (a) causing other persons or businesses with drywall work not to enter into or continue a business relationship with Service Drywall; or (b) preventing Service Drywall from acquiring or continuing a business relationship with other persons or businesses with drywall work.

You may find Steier liable on this claim only if you believe from the evidence that:

1.    Service Drywall had business relationships and/or the reasonable expectancy of business relationships with persons or businesses with drywall work;

2.    Steier knew or should have known of these relationships or expectancies;

3.    Steier acted intentionally to either end the relationships or prevent the expectancies;

4.    Steier's interference caused Service Drywall to lose its relationships or expectancies;

5.    Steier acted maliciously or engaged in wrongful conduct, considering the following factors:

    (a)    The nature of his conduct;

    (b)    His motive;

    (c)    The interests of Service Drywall;

    (d)    The interests Steier sought to advance;

    (e)    The social interests in protecting the freedom of Steier's action and the contractual expectancies of Service Drywall;

    (f)    The proximity or remoteness of the actor's conduct to the interference; and

    (g)    The relations between the parties; and

6.      Steier's interference caused damages to Service Drywall.

Do you believe from the evidence that Steier interfered with one or more prospective business relationships between Service Drywall and another person or entity as defined above?

You will indicate your answer to this question on Verdict Form G, then proceed to the next instruction.

## H.

### INTERFERENCE WITH PROSPECTIVE
### RELATIONSHIP - COMMONWEALTH WALLS

Service Drywall claims that Commonwealth Walls interfered with its prospective business relationships by:  (a) causing other persons or businesses with drywall work not to enter into or continue a business relationship with Service Drywall; or (b) preventing Service Drywall from acquiring or continuing a business relationship with other persons or businesses with drywall work.

You may find Commonwealth Walls liable on this claim only if you believe from the evidence that:

1. Service Drywall had business relationships and/or the reasonable expectancy of business relationships with persons or businesses with drywall work;

2. Commonwealth Walls knew or should have known of these relationships or expectancies;

3. Commonwealth Walls acted intentionally to either end the relationships or prevent the expectancies;

4. Commonwealth Walls' interference caused Service Drywall to lose its relationships or expectancies;

5. Commonwealth Walls acted maliciously or engaged in wrongful conduct, considering the following factors:

    (a)    The nature of its conduct;

    (b)    Its motive;

    (c)    The interests of Service Drywall;

    (d)    The interests Commonwealth Walls sought to advance;

    (e)    The social interests in protecting the freedom of Commonwealth Walls' action and the contractual expectancies of Service Drywall;

- 13 -

(f)    The proximity or remoteness of the actor's conduct to the interference; and

(g)    The relations between the parties; and

6.    Commonwealth Walls' interference caused damages to Service Drywall.

Do you believe from the evidence that Commonwealth Walls interfered with one or more prospective business relationships between Service Drywall and another person or entity as defined above?

You will indicate your answer to this question on Verdict Form H, then proceed to the next instruction.

# I.

## COMPENSATORY DAMAGES

If you have found Locke, Steier, or Commonwealth Walls liable on any claim on any of the Verdict Forms A through H, you must now determine what sum or sums of money will reasonably and fairly compensate Service Drywall for any damages which you believe from the evidence resulted from the wrongful conduct you have found occurred in this case.  In determining the amount of damages, you will disregard any fault of the defendants.  Service Drywall seeks the following damages:

1.	A sum, not to exceed $598,608.00, for lost profits attributable to the diversion of resources from Service Drywall to Commonwealth Walls and improper management of Service Drywall's Louisville office.

2.	A sum, not to exceed $372,607.00, for lost profits attributable to business wrongfully diverted from Service Drywall to Commonwealth Walls.

You will indicate your award of damages, if any, on Verdict Form I, then proceed to the next instruction.

## J.

## APPORTIONMENT OF FAULT

### Part A

If you have found Locke liable for breach of fiduciary duty to Service Drywall and you have found Steier liable for aiding and abetting Locke's breach, you will determine the percentage of fault, if any, attributable to each person in causing harm to Service Drywall.  In determining the percentage of fault of each person, you will consider both the nature of the conduct of each person at fault and the extent of the causal relationship between the conduct and the damages claimed.  Your percentages must total 100%.  You will indicate the percentages of fault on Verdict Form J, Part A.

### Part B

If you have found two or more of the defendants liable under the claims for interference with contracts or prospective business relationships, you will determine the percentage of fault, if any, attributable to each person or entity in causing harm to Service Drywall.  In determining the percentage of fault of each person or entity, you will consider both the nature of the conduct of each person or entity at fault and the extent of the causal relationship between the conduct and the damages claimed.  Your percentages must total 100%.  You will indicate the percentages of fault on Verdict Form J, Part B.

## K.

## PUNITIVE DAMAGES

If you have awarded Service Drywall a sum of money as compensatory damages, you will next determine whether to award punitive damages.  "Punitive damages" are damages awarded against a party for the purpose of punishing that party for his or its misconduct in the case and deterring it and others from engaging in similar conduct in the future.  Service Drywall has the burden of proving, by clear and convincing evidence, that one or more of the defendants acted with fraud or malice toward the Service Drywall.

"Fraud" means an intentional misrepresentation, deceit, or concealment of material fact known to a defendant and made with the intention of causing injury to the plaintiff.  "Malice" means conduct which is specifically intended by a defendant to cause tangible or intangible injury to the plaintiff.

Whether you make an award of punitive damages, in addition to the compensatory damages previously awarded, is a matter exclusively within your discretion.  If you award punitive damages, you should consider the following factors in determining the amount thereof:

1.	The likelihood at the relevant time that serious harm would arise from the defendant's misconduct;

2.	The degree of the defendant's awareness of that likelihood;

3.	The profitability of the misconduct to the defendant;

4.	The duration of the misconduct and any concealment of it by the defendant; and

5.	Any actions by the defendant to remedy the misconduct once it became known to the defendant.

- 17 -

If you award punitive damages, the sum must be fixed with calm discretion and sound reason, and must never be awarded or fixed in amount because of sympathy, bias, or prejudice with respect to any party to the case.  If in your discretion you award punitive damages against any defendant, you will indicate your award on Verdict Form K.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.

**VERDICT FORM A**

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |

Do you believe from the evidence that the defendant, William Clay Locke, Jr., breached a fiduciary duty owed to the plaintiff, Service Drywall Company, Inc.?


_____ Yes          _____ No

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

**VERDICT FORM B**

| | |
|---|---|
| ## United States District Court | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |

Do you believe from the evidence that the defendant, Anthony G. Steier, aided and abetted the defendant, William Clay Locke, Jr., in breaching a fiduciary duty to the plaintiff, Service Drywall Company, Inc.?

          _____ Yes          _____ No

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

**VERDICT FORM C**

| United States District Court | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |

Do you believe from the evidence that the defendant, William Clay Locke, Jr., interfered with one or more customer contracts of the plaintiff, Service Drywall Company, Inc.?


_____ Yes          _____ No

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM D**

| | |
|---|---|
| **𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |

Do you believe from the evidence that the defendant, Anthony G. Steier, interfered with one or more customer contracts of the plaintiff, Service Drywall Company, Inc.?

_____ Yes          _____ No

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

**VERDICT FORM E**

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |

Do you believe from the evidence that the defendant, Commonwealth Walls, Inc., interfered with one or more customer contracts of the plaintiff, Service Drywall Company, Inc.?


_____ Yes          _____ No

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM F**

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |

Do you believe from the evidence that the defendant, William Clay Locke, Jr., interfered with one or more prospective business relationships or reasonable expectancies of business relationships between the plaintiff, Service Drywall Company, Inc. and another person or entity?

_____ Yes          _____ No

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM G**

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔠𝔬𝔲𝔯𝔱 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br>CIVIL ACTION NO. 3:06CV-372-S |

Do you believe from the evidence that the defendant, Anthony G. Steier, interfered with one or more prospective business relationships or reasonable expectancies of business relationships  between the plaintiff, Service Drywall Company, Inc., and another person or entity?

_____ Yes        _____ No

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM H**

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br>CIVIL ACTION NO. 3:06CV-372-S |

Do you believe from the evidence that the defendant, Commonwealth Walls, Inc., interfered with one or more prospective business relationships or reasonable expectancies of business relationships between the plaintiff, Service Drywall Company, Inc., and another person or entity?

_____ Yes            _____ No

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM** I

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br>CIVIL ACTION NO. 3:06CV-372-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:**

1.  Lost profits attributable to the diversion of resources from Service Drywall Company, Inc. to Commonwealth Walls, Inc. and to improper management of Service Drywall Company, Inc.'s Louisville Office

    $_____
    (Not to exceed $598,608.00)

2.  Lost profits attributable to business wrongfully diverted from Service Drywall Company, Inc. to Commonwealth Walls, Inc.

    $_____
    (Not to exceed $372,607.00)

    TOTAL

    $_____
    (Not to exceed $971,215.00)

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM J**

| 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**


### Part A

The percentage of fault for breach of fiduciary duty to the plaintiff, Service Drywall Company, Inc., attributable to:

      William Clay Locke, Jr.            _____ %

      Anthony G. Steier                _____ %


      TOTAL                      100%


### Part B

The percentage of fault for interference with contracts or prospective business relationships of Service Drywall Company, Inc. attributable to:

      William Clay Locke, Jr.            _____ %

      Anthony G. Steier                _____ %

      Commonwealth Walls, Inc.        _____ %


      TOTAL                      100%


| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM K**

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>SERVICE DRYWALL COMPANY, INC.<br><br>v.<br><br>COMMONWEALTH WALLS, INC., et al | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |

Having awarded to Service Drywall Company, Inc. a sum as compensatory damages, do you find by clear and convincing evidence that punitive damages should be awarded against:

    William Clay Locke, Jr.        \_\_\_\_\_ Yes  \_\_\_\_\_No        $_____

    Anthony G. Steier           \_\_\_\_\_ Yes  \_\_\_\_\_ No       $_____

    Commonwealth Walls, Inc.     \_\_\_\_\_ Yes  \_\_\_\_\_ No       $_____

| **Foreperson's Signature** | **Date** |
|---|---|
| | |